# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 0 2010

David J. Bradley, Clerk of Court

|  |  |
|---|---|
| KARLA A.TRUJILLO, ARMANDO CHARLES, FEDERICO CHARLES, GABINO CHARLES, JUVENCIO CHARLES, HECTOR ERRISARIZ, ROLAND ESQUIVEL, OSCAR ESTRADA, ELISEO FLORES, JOSE MANUEL GARCIA, FELIPE HERRERA, MATIAS HERRERA, JOSEPH JACKSON, ALFREDO LOPEZ, JOSE LUIS LOZA, ISRAEL MATA, CESAREO MEDELLIN, JUAN de DIOS MIRELES, RAUL SALAS-RIVERA, and MARCELINO ZAMARRON, § § § § § § § § § § § § § § | |

§
§

**B-10-155**

CIVIL TRIAL NO_____

Plaintiffs,

§
§

v.

§
§

JURY TRIAL DEMANDED

PIONEER HI-BRED INTERNATIONAL, INC. and JUAN SAN MIGUEL,

§
§
§

Defendants.

§
§
§

## PLAINTIFFS' ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

1.      This is an action for damages, declaratory relief, and injunctive relief

brought by twenty migrant farm workers against their employers. The action is based on

Defendants' violation of Plaintiffs' rights under the Migrant and Seasonal Agricultural

Worker Protection Act, 29 U.S.C. §§ 1821-23, 1841-42 (hereafter AWPA), the Fair

Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereafter FLSA), and on breach of

contract, promissory estoppel, quantum meruit, and fraud in the inducement.

2.      In the summer of 2009, the Defendants recruited Plaintiffs to detassel corn in Indiana.  Detasseling corn is a step in the production of hybrid seed corn.

3.      Plaintiffs were promised certain terms and conditions of employment and relied upon these representations in leaving their homes and traveling across the country to Indiana to work for the Defendants.

4.      Information provided by Defendants to Plaintiffs at the time of recruitment was false and misleading. Most of the Plaintiffs at the time of recruitment did not receive written disclosures of the terms of employment. The disclosures that were provided to some of the Plaintiffs were confusing, deceptive and not always in a language they could understand.

5.      All Plaintiffs were promised or led to believe that their work would be well paid and that they would receive substantial bonuses at the end of the season.

6.      Plaintiffs were placed by Defendants in poor housing that did not comply with substantive federal and state safety standards.

7.      Defendants transported Plaintiffs in vehicles that were overcrowded and otherwise unsafe.

8.      Defendants provided Plaintiffs with dirty and inaccessible port-o-potties and warm and inaccessible drinking water while they were working in the fields.

9.      Defendants failed to pay the Plaintiffs the amount of wages promised to them.

10.     Defendants failed to pay bonuses as promised to Plaintiffs, either by paying no bonus at all or by paying a bonus that was far less than promised.

11.     Furthermore, Defendants failed to pay wages owed when due and failed to provide each worker with accurate wage statements.

12.     Defendants failed to pay the Plaintiffs the federal minimum wage and improper deductions were made from their pay.

13.     Some Plaintiffs were improperly exposed to pesticides while employed by Defendants.

14.     Plaintiffs seek monetary damages, declaratory relief, and injunctive relief to redress Defendants' violations of their rights.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

16.     The federal claims in this action are authorized and instituted pursuant to 29 U.S.C. §§ 1854(a), 216(b).

17.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

18.     This Court has general jurisdiction over Defendant Pioneer because Pioneer has maintained continuous and systematic contacts with the state of Texas for at least ten years.

19.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Tex.Civ.Prac. & Rem. Code arts. 37.001-37.011.

20.     This Court is empowered to issue injunctive relief pursuant to 29 USC § 1854(c)(1).

21.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), 29 U.S.C. §§ 1854(a), 216(b).

## PARTIES

22.     Plaintiffs Karla A. Trujillo, Armando Charles, Federico Charles, Gabino Charles, Juvencio Charles, Hector Errisariz, Roland Esquivel, Oscar Estrada, Eliseo Flores, Jose Manuel Garcia, Felipe Herrera, Matias Herrera, Joseph Jackson, Alfredo Lopez, Jose Luis Loza, Israel Mata, Cesareo Medellin, Juan De Dios Mireles, Raul Salas-Rivera, and Marcelino Zamarron (hereafter Plaintiffs) all have their permanent place of residence in Texas and most reside in Cameron County.

23.     Defendant Pioneer Hi-Bred International, Inc. (hereafter Pioneer) is an Iowa corporation, having its principal place of business in Des Moines, Polk County, Iowa.  Process may be served upon Pioneer's registered agent in Iowa, Judith McKay, at 700 Merle Hay Rd., Johnston, Iowa 50131-1014 or upon Pioneer's registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

24.     Defendant Juan San Miguel (hereafter San Miguel) resides in Hidalgo County, Texas. Process may be served at Rt. 6, Box 223, Weslaco, Texas 78596.

## STATEMENT OF FACTS

25.     At all times relevant to this action Plaintiffs were "migrant agricultural workers" within the meaning of 29 U.S.C. § 1802(8)(A).  Further, at all times relevant to this action, Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e)(1).

26.     At all times relevant to this action Defendant Pioneer was an "agricultural employer" within the meaning of 29 U.S.C. § 1802(2).  Further, at all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d).

27.     At all times relevant to this action Defendants were engaged in the production of goods for movement in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

28.     Defendant Pioneer produces, markets, and sells hybrid seed corn in nearly 70 countries worldwide. Pioneer sells products worldwide through a variety of organizations, including wholly owned subsidiaries, joint ventures, sales representatives, and independent dealers.

29.     Defendant San Miguel is a farm labor contractor within the meaning of 29 U.S.C. § 1802(7).

30.     During the summer of 2009, the Plaintiffs were engaged in agricultural employment at Pioneer.  The Plaintiffs detasseled corn for Pioneer.  Detasseling is a necessary step in the production of hybrid seed corn.  Plaintiffs were manually removing a portion of the corn plant called the tassel in fields owned or controlled by Defendant Pioneer.

31.     During the course of their employment at Pioneer, the Plaintiffs were employed by Defendants.

32.     Defendant San Miguel recruited the Plaintiffs, acting on behalf of and as an agent of Defendant Pioneer.  Plaintiffs were recruited to work out-of-state, in the State of Indiana.  They were recruited in Cameron or Hidalgo County, Texas, or over the border in Mexico.

33.     Defendant Pioneer authorized Defendant San Miguel to recruit Plaintiffs and authorized him to take actions needed to accomplish this purpose, including offering Plaintiffs employment under certain terms (including terms regarding transportation, housing, pay rates, and other terms of employment) prior to their departing for Indiana.

34.     Defendant San Miguel is registered by the U.S. Department of Labor only to recruit workers.

35.     Defendants offered and Plaintiffs accepted agricultural employment with Defendants during the summer of 2009.

36.     As part of their offer of employment, Defendants knowingly made certain promises and factual misrepresentations to Plaintiffs regarding the terms and conditions of the working arrangement.  Defendants intended that Plaintiffs would rely on those promises and misrepresentations, thereby inducing Plaintiffs to accept Defendants' offer.

37.     Defendants' promises and factual misrepresentations did in fact induce Plaintiffs to accept Defendants' offer.

38.     Plaintiffs' conduct undertaken in reliance on Defendants' promises and factual misrepresentations was reasonable and detrimental.

39.     Defendants were at all times aware of Plaintiffs' conduct undertaken in reliance on Defendants' promises and misrepresentations.

40.     Defendants' promises and factual misrepresentations, which are set out herein, were and are material to the employment arrangement.

41.     Among other things, the contract and working arrangement called for the Plaintiffs to leave their places of residence and to travel from Texas to Indiana to work

for the Defendants.  Plaintiffs did in fact travel to Indiana in reliance upon Defendants' representations regarding the terms of the working arrangement.

42.     By traveling to Indiana, and working there for the duration of the detasseling season, Plaintiffs forewent other employment opportunities.

43.     Defendants failed to disclose at the time of recruitment in writing and in Spanish the terms and conditions of the employment to each Plaintiff.  Some Plaintiffs signed documents in Texas.  Not all of the Plaintiffs received copies of the documents they signed.

44.  .  At the time they were recruited all of the Plaintiffs were promised by Defendant San Miguel and/or representatives of Pioneer that they would earn substantially more for the detasseling season than they ultimately were paid.  Plaintiffs received differing information about what their earnings would be, varying from $2,000 to $5,000.

45.     Defendants provided Plaintiffs with information that was false, misleading, conflicting, and confusing as to the manner in which their earnings and bonuses would be calculated.  None of the Plaintiffs received bonuses that were as large as they had been promised and many received no bonus at all.

46.     At the time of recruitment Defendants provided false and misleading information to the Plaintiffs regarding deductions that would be made from their earnings.

47.     Defendants provided Plaintiffs with "arrival money" at the beginning of the season, which they were told they would not have to pay back, but that was subsequently deducted from their final paychecks.

48.     Additionally, some of the workers were required to pay for transportation costs between Texas and Indiana that had not been properly disclosed to them. Others were promised reimbursement for transportation costs which they did not receive.

49.     Many of the Plaintiffs were promised more weeks and hours of work than they received. At the time of recruitment Defendants promised that Plaintiffs would be paid $60 cash upon their arrival in Indiana. Instead, some received checks for this amount from which deductions had been taken.

50.     Defendants promised Plaintiffs that they would be paid for all time spent on Pioneer's bus travelling between the housing and Pioneer's fields and between fields during the work day. Plaintiffs were not paid for this time.

51.     At the time of recruitment Plaintiffs were told that they would be detasseling corn from detasseler carriers or baskets rather than on foot. In Indiana the Plaintiffs only occasionally worked from carriers. Walking rows is more physically strenuous and results in a slower pace of work than riding carriers.

52.     Had the Defendants represented to Plaintiffs, without falsity, the actual terms and conditions of the work (including, but not limited to, the actual hourly, weekly, or total seasonal wage; the actual calculation method or availability of bonuses; the weeks and hours of work in fact available; the fact that certain transportation, arrival money, and other costs would be charged to the workers; the fact that the workers would not be paid for the time spent during their daily transport to the fields and between fields; and/or that equipment allowing a faster pace of work would not be provided), Plaintiffs would not have accepted the offer of employment, nor acted in reliance on Defendants' promises or factual misrepresentations.

53.    The pay statements provided by the Defendants to the Plaintiffs did not accurately reflect the number of hours Plaintiffs worked and for which they were entitled to compensation.  The pay statements did not include travel time.

54.    Additionally, the pay statements provided to the Plaintiffs did not properly show the number of acres detasseled during the pay period.

55.    Upon information and belief the Defendants did not maintain payroll records accurately reflecting the hours Plaintiffs worked.

56.    Upon information and belief Defendant San Miguel did not provide Defendant Pioneer with copies of accurate payroll records including all hours worked by Plaintiffs.

57.    Defendants paid Plaintiffs less than the federal minimum wage during their employment.  Plaintiffs' wages were brought below the minimum wage by Defendants' failure to pay them for all hours for which they were entitled to compensation, including time travelling between the motel and the fields and time travelling between fields.

58.    Multiple Plaintiffs were exposed to pesticides when a field in which they were working was sprayed by a crop duster.  Plaintiffs were eventually evacuated from the field by a Pioneer employee.  Some of the Plaintiffs suffered injuries as a result of pesticide exposure.

59.    During their employment the Plaintiffs were housed by the Defendants at the Economy Inn in Warsaw, Indiana.  Upon information and belief Defendants owned or controlled the housing facility.

60.     The housing provided by the Defendants was in poor condition, overcrowded, and unsuitable. It did not meet the minimum health or safety standards specified under the AWPA, its attendant regulations, or applicable state law because of conditions that included, inter alia:

a.  Overcrowding;

b.  Poor and unsanitary conditions;

c.  Insufficient number of beds so that numerous unrelated workers had to share beds;

d.  Shared sleeping spaces, toilet, and shower facilities for unrelated men and women;

e.  Absence of laundry facilities; and

f.  Inadequate cooking, refrigeration, food storage and food preparation facilities.

61.     At the time of recruitment Plaintiffs had been promised housing with refrigerators and cooking facilities. Many of the Plaintiffs did not have refrigerators or microwaves for at least a portion of the time they resided in the Defendants' housing. Plaintiffs had to purchase their own stoves and hot plates and were only allowed to cook outside.

62.     Defendants failed to obtain the required certification that the housing met the minimum safety and health standards specified under the AWPA and under state and federal law.

63.     Defendants failed to post a copy of the required certification of occupancy in the housing.

64.    At no time relevant to this action did Defendant San Miguel possess authorization from the U.S. Department of Labor to engage in the farm labor contracting activity of housing migrant agricultural workers.

65.    Defendant Pioneer utilized San Miguel to supply migrant agricultural workers (the Plaintiffs) by, inter alia, housing the workers.

66.    Defendant San Miguel engaged in farm labor contracting activities without being properly registered and authorized to engage in such activities, as required by the AWPA.

67.    Defendant Pioneer utilized the services of Defendant San Miguel to house workers without first taking reasonable steps to determine whether Defendant San Miguel possessed a certificate of registration from the U.S. Department of Labor that authorized him to house agricultural workers.

68.    Defendants did not maintain clean, sanitary and accessible toilets and hand washing facilities for Plaintiffs while they were working.

69.    Defendants did not provide clean, suitably cool and accessible drinking water for Plaintiffs. There were no cups available for individual use.

69.    Defendants did not provide safe transportation in Indiana for Plaintiffs. The school bus in which Plaintiffs were transported was dangerously overcrowded and workers were required to sit or stand in the aisle or doorway.  Upon information and belief, the bus was not in safe operable condition. Plaintiffs feared for their safety based upon the worn-out appearance of the tires.  In one instance, Plaintiffs were transported on the bus while one of the tires was completely deflated.

70.     At all times relevant hereto, Plaintiffs were ready to comply, and did in fact comply, with the terms of the working arrangement and contracts between themselves and the Defendants.

71.     Defendants violated without justification their arrangement and breached their contracts with Plaintiffs by not complying with all the terms and conditions promised at the time of recruitment.

72.     Plaintiffs suffered injury as a result of the Defendants' actions and omissions, violations of the working arrangement, and breach of contract.  They suffered, inter alia, mental anguish, humiliation, and other emotional harm because of Defendants' actions and omissions.

73.     Numerous Plaintiffs had worked for Defendant Pioneer and/or Defendant San Miguel prior to the 2009 Indiana detasseling season performing agricultural work.

74.     Numerous Plaintiffs will seek employment with Defendants in the future doing agricultural work.  In fact, some of the Plaintiffs have already sought work from or actually worked for the Defendants.

75.     Plaintiffs would suffer irreparable harm should Defendants violate their rights under AWPA during any future employment with them.  Remedies available at law would be inadequate to redress such injury.

76.     All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly and/or through their agents.

## FIRST CAUSE OF ACTION: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

77.     Plaintiffs reincorporate and re-allege paragraphs 1 through 76 of this complaint as if fully set forth herein.

78.     Defendant Pioneer and Defendant San Miguel intentionally violated the Plaintiffs' rights under the AWPA by, inter alia:

    a.      Failing to disclose in writing all the terms and conditions of employment required by 29 U.S.C. §1821(a) at the time that Plaintiffs were recruited;

    b.      Knowingly providing false and misleading information to Plaintiffs regarding the terms and conditions of employment in violation of 29 U.S.C. § 1821(f);

    c.      Violating the terms of the working arrangement made with Plaintiffs in violation of 29 U.S.C. § 1822(c);

    d.      Failing to pay each Plaintiff the wages owed to him or her when due in violation of 29 U.S.C. § 1832(a);

    e.      Failing to ensure that the housing provided to Plaintiffs complied with applicable substantive federal and state health and safety standards in violation of 29 U.S.C. § 1823(a);

    f.      Failing to obtain and post certification from an appropriate authority that the housing to be provided to the Plaintiffs met applicable minimum safety and health standards for migrant housing,

before using the facility to house the Plaintiffs, in violation of 29 U.S.C. § 1823(b);

      g.      Failing to post in a conspicuous place or present each Plaintiff a statement of the terms and conditions of Plaintiffs' occupancy of the housing, in violation of 29 U.S.C. § 1821(c);

      h.      Failing to provide required written information and disclosures to Plaintiffs in Spanish, in violation of 29 U.S.C. § 1821(g);

      i.      Failing to provide adequate pay statements to the Plaintiffs in violation of 29 U.S.C. § 1821(d)(2); and

      j.      Failing to keep adequate payroll records for the Plaintiffs in violation of 29 U.S.C. § 1821(d)(1).

79.      Defendant Pioneer further intentionally violated the Plaintiffs' rights under the AWPA by utilizing farm labor contractor San Miguel to supply workers by performing activities that he was not certified by the U.S. Department of Labor to provide in violation of 29 U.S.C. § 1842.

80.      Defendant San Miguel further intentionally violated the Plaintiffs' right under the AWPA by, inter alia;

      a.      Failing to provide copies of accurate payroll records to Defendant Pioneer, in violation of 29 U.S.C. § 1821(e); and

      b.      Housing migrant agricultural workers (the Plaintiffs) without first obtaining certification from the U.S. Department of Labor allowing him to engage in such activities.

81.     Plaintiffs would suffer irreparable injury were Defendants to violate their rights under the AWPA in the future.  Claims at law would be inadequate to redress such injury.

82.     As a direct consequence of the Defendants' violations of Plaintiffs' rights under AWPA, Plaintiffs suffered substantial injury.

83.     Plaintiffs would suffer irreparable injury were Defendants to violate their rights under the AWPA in the future.  Claims at law would be inadequate to redress such injury.

84.     For each of the Defendants' violations of AWPA, Plaintiffs are entitled to receive actual damages or statutory damages of up to $500 per Plaintiff per violation.

## SECOND CAUSE OF ACTION: FAIR LABOR STANDARDS ACT

85.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 76 of this complaint as if fully set forth herein.

86.     This claim arises under the FLSA, 29 U.S.C. §§ 201-219, against Defendants Pioneer and San Miguel.

87.     Defendants violated Plaintiffs' rights under the FLSA by paying them less than the federal minimum wage in violation of 29. U.S.C. § 206 and 29 U.S.C. §215(a)(1)-(2).

88.     The Defendants' failure to pay the Plaintiffs as required was willful.

89.     As a consequence of Defendants' violation of the Plaintiffs' rights under the FLSA, Plaintiffs are entitled to their unpaid minimum wages, an additional equal amount in liquidated damages, and attorneys' fees and costs of court.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT

90.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 76 of this complaint as if fully set forth herein.

91.     Defendants entered into an individual employment contract with each Plaintiff.

92.     Defendants breached each contract of employment into which they entered with Plaintiffs by failing to comply with the promised terms and conditions of employment.

93.     As a direct consequence of Defendants' breach of the employment contract, Plaintiffs suffered substantial injury.

94.     Defendants are therefore liable to Plaintiffs for actual, incidental, and consequential damages, and costs under Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001 (Vernon 2007).

### FOURTH CAUSE OF ACTION: PROMISSORY ESTOPPEL

95.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 76 of this complaint as if fully set forth herein.

96.     Acting in reasonable and detrimental reliance on Defendants' promises regarding the terms and conditions of the employment arrangement, Plaintiffs traveled from Texas to Indiana in order to perform the agreed-upon detasseling work.

97.     Further acting in reasonable and detrimental reliance on Defendants' promises, Plaintiffs performed the detasseling work, which served to benefit Defendants.

98.     Defendants intentionally designed their promises regarding the terms and conditions of the employment arrangement to induce or tacitly encourage Plaintiffs to rely on those promises, and to act thereon to their detriment.

99.     Plaintiffs' conduct in reliance on Defendants' promises was at all times known to Defendants.

100.     Defendants are therefore liable to Plaintiffs for damages directly caused by Plaintiffs' reasonable and detrimental reliance on Defendants' promises.

## FIFTH CAUSE OF ACTION: QUANTUM MERUIT
## (CONTRACT IMPLIED-IN-LAW)

101.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 76 of this complaint as if fully set forth herein.

102.     By detasseling corn in Defendants' seed fields, Plaintiffs provided valuable services to Defendants.

103.     Defendants accepted, used, and enjoyed Plaintiffs' services.

104.     By traveling to Indiana and performing the work, Plaintiffs notified and communicated to Defendants their expectation that they would be paid for such work.

105.     Despite accepting, using, and enjoying Plaintiffs' services, Defendants failed to pay Plaintiffs as agreed upon for their work, and were thereby unjustly enriched.

106.     Plaintiffs are therefore entitled to recover from Defendants in quantum meruit, to compensate Plaintiffs for services provided and to avoid the unjust enrichment of Defendants.

## SIXTH CAUSE OF ACTION: FRAUD IN THE INDUCEMENT

107.   Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 76 of this complaint as if fully set forth herein.

108.   Defendants knowingly and fraudulently misrepresented material facts regarding the employment arrangement to Plaintiffs, specifically misrepresenting, inter alia, the amount of wages, the number of hours and weeks of available work, and the bonus amounts that Defendants would pay to Plaintiffs.

109.   At the time Defendants knowingly made such misrepresentations to Plaintiffs, Defendants knew those facts to be false, or asserted those facts without knowledge of the truth.

110.   Defendants intended that the misrepresentations would induce Plaintiffs to accept the employment offer and perform the detasseling work.

111.   Plaintiffs were in fact induced to act upon the misrepresentations, and as a result traveled to Indiana and performed the detasseling work.  Plaintiffs' reliance was reasonable, given the nature of Defendants' false statements and promises regarding the terms and conditions of employment.

112.   Had Defendants represented the terms and conditions of the detasseling work without falsity, Plaintiffs would not have accepted the offer, traveled to Indiana, nor performed the work.

113.   Among other injuries, Plaintiffs, inter alia, incurred travel expenses, forewent other employment opportunities, sustained physical injuries, and experienced mental anguish and other emotional harm.  Plaintiffs experienced these and other injuries

as a direct and proximate result of their reasonable reliance on Defendants'
misrepresentations.

114.    Defendants are therefore liable to Plaintiffs for damages for actual,
special, and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a.   Enter a declaratory judgment that Defendants Pioneer and San Miguel
     violated Plaintiffs' rights under the AWPA, violated Plaintiffs' rights under
     the FLSA, breached Plaintiffs' employment contracts with Defendants, and
     are liable to Plaintiffs based on Plaintiffs' promissory estoppel, quantum
     meruit, and fraud in the inducement claims;

b.   Award Plaintiffs their actual damages or, alternatively, statutory damages of
     $500.00 per person per violation for Defendants' violations of the AWPA;

c.   Award Plaintiffs their unpaid minimum wages and an equal amount in
     liquidated damages for Defendants' violations of the FLSA;

d.   Award Plaintiffs injunctive relief prohibiting Defendants from violating
     Plaintiffs' rights under the AWPA;

e.   Award Plaintiffs their actual, incidental, and consequential damages resulting
     from Defendants' breach of contract;

f.   Award Plaintiffs their damages resulting from their reasonable and
     detrimental reliance on Defendants' promises;

g.  Award Plaintiffs their general, special, and exemplary damages resulting from Defendants' fraud in the inducement;

h.  Award Plaintiffs their attorneys' fees, reasonable expenses and costs of court;

i.  Award Plaintiffs prejudgment and post judgment interest as allowed by law; and

j.  Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted,

_____
Marinda van Dalen
Attorney-in-Charge for Plaintiffs
Texas Bar No. 00789698
S.D. ID No. 17577
TEXAS RIOGRANDE LEGAL AID, INC
531 E. St. Francis Street
Brownsville, Texas 78520
Telephone: 956-982-5540
Facsimile: 956-541-1410

Edward A. Sandoval
Co-Counsel for Plaintiffs
Texas Bar No. 24063779
S.D. ID No. 1057159
TEXAS RIOGRANDE LEGAL AID, INC
300 South Texas Blvd
Weslaco, Texas 78596
Telephone: 956-447-4800
Facsimile: 956-968-8823

Melody A. Goldberg
Co-Counsel for Plaintiffs
Indiana Bar No. 26377-49
INDIANA LEGAL SERVICES, INC
151 N. Deleware St., Ste. 1800
Indianapolis, Indiana  46204
Telephone: 317-631-9410
Facsimile: 317-631-9775

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Karla A. Trujillo, et al.

**DEFENDANTS**
Pioneer Hi-Bred International, Inc. and Juan San Miguel

**(b)** County of Residence of First Listed Plaintiff   Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Polk County, Iowa
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marinda van Dalen, TRLA, 531 E. Saint Francis St, Brownsville, TX 78520 (956-982-5540)

Attorneys (If Known)
Ricardo Morado, Roerig, Oliveira & Fisher, LLP, 855 W. Price Rd., Ste 9, Brownsville, TX 78504 (956-447-4800)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C.  201-219 (Failure to pay minimum wage); 29 U.S.C.  1801-1900 (Farmworker exploitation)
Brief description of cause:
Farmwork litigation with recruitment, employment, housing and transportation related claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
07/20/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE